United States District Court

Southern District of Indiana

Terre Haute Division

Akhenaton El-Shabazz,

Plaintiff,

v.

Ryan Wehrmeyer (sued in
his individual capacity),

et. al.,

Defendants.

Case No. 2:18-cv-408-
JMS-DLP.

SECOND AMENDED PRISONER

COMPLAINT 42 U.S.C. §1983

ATTACHED EXHIBITS 1 thru 7

ATTACHED
EXHIBIT
#1

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

Certified Mail Fee
$ 3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)           $
☐ Return Receipt (electronic)         $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postage
$ .68

Total Postage and Fees
$ 4.13

Sent To Dir. of Cls
Street and Apt. No., or PO Box No. 302 W. Washington st. Rm E334
City, State, ZIP+4® Inaps, IN 46204

PS Form 3800, April 2015

*ATTACHED EXHIBIT #2*



# STATEMENT OF OFFENDER'S RELIGIOUS PREFERENCE
State Form 47685 (R6 / 8-15)
DEPARTMENT OF CORRECTION

**FROM:**

| Name of offender *(PRINT)* | DOC number |
|---|---|
| Akhenaton Immanuel El-Shabazz | 8 85235 |

| Location |
|---|
| Wabash Valley Correctional Facility — DHU-307 |

| Signature of offender | Date signed *(month, day, year)* |
|---|---|
| Akhenaton El-Shabazz | January 26, 2018 |

**TO:** CHAPLAIN / RELIGIOUS PROGRAM COORDINATOR

| Name of chaplain or coordinator |
|---|
| Chaplain Timothy Tanner |

| Name of facility | Date *(month, day, year)* |
|---|---|
| Wabash Valley Correctional Facility | January 26, 2018 |

☒ An adult offender may state/update his or her religious preference by submission of this form. No additional verification or documentation is required.

☐ For youth in the Division of Youth Services written approval of the Facility Head, based on consultation with the youth, and/or the youth and/or the youth's parent/guardian, is required for a change of religious preference.

☒ At least six (6) months must have passed since the individual's last submission of this form.

## RELIGIOUS PREFERENCE *(Check one.)*

☐ Asatru / Odinist (Z)  ☐ Hebrew Israelite (I)  ☐ Orthodox Christian (D)
☐ Buddhist / Eastern (B)  ☐ Jewish (J)  ☒ Other (O)  *SUFI*
☐ Catholic (C)  ☐ MSTA / Moor (T)  ☐ Rastafarian (R)
☐ Decline to answer (X)  ☐ Muslim / Islam (M)  ☐ Satanism (S)
☐ Eckankar (E)  ☐ Native American (A)  ☐ Wicca (W)
☐ General Christian (G)  ☐ None (N)  ☐ Yahwist / Messianic (Y)

*If you have selected "Other," please provide a brief description of your beliefs.*

I believe that pursuant to Holy Quran 3:104, that the Prophet Muhammad in the 14th year of his prophethood established a SUFI Fraternity, between 90 individuals at the home of Anas ibn Malik in Medina, Saudi Arabia. See Dictionary of Islam, p-116, authored by Thomas Hughes. These said 90 individuals, received esoteric, and exoteric teachings of Islam from the Prophet Muhammad. Ref. Bukhari, Volume 1, Hadith 120, Darussalam Publishers. Pursuant to Holy Quran 17:78; 33:62; 48:23, all of the foresaid individuals, including the Prophet Muhammad were affiants, and advocates of the Sunnah of Allah. under Holy Quran 98:5. As such, I AM A SUFI, who is following in their footsteps via being a student, and adherent of the said esoteric, and exoteric teachings, and via affirming and advocating the Sunnah of Allah. All in all, I aspire to be one, who is a REVEALER of the three (3) Great Lights of Islam: Allah's Will; Allah's Cause; and Allah's Path.

CC: FILE.

| ☐ Denied: Previous religious preference change within the last six (6) months. | | |
|---|---|---|
| ☒ Approved: Added / Changed on Offender Information System: Date | | Tanner |
| | | *Name (print)* |
| Signature | Title *(month, day, year)* | Date *(month, day, year)* |
| | Chaplain | WABASH VALLEY CORR. FACILITY |

DISTRIBUTION: Offender Packet; Chaplain / Religious Program Coordinator; Offender; Classification

MAR 6 2018

# WABASH VALLEY CORRECTIONAL FACILITY
# MEMORANDUM

**FROM:**   · Chaplain D. McGowan, P.L.U.S. Program Director

**TO:**      PLUS Unit Staff

**DATE:**    June 27, 2007

**RE:**      Quran Study

The Quran Study Class will begin on Saturday, June 16, 2007, and continue
each Saturday from 7:30 a.m. - 9:00 a.m. in the NHU Conference Room. The
participant leader wil be A. El-Shabazz, DOC #885235/N309.

Attending participants will be:

| | | |
|---|---|---|
| Shawn Arnold | 973785 | N222 |
| Ivory Barnes | 964148 | N208 |
| Edward Barnett | 118253 | N124 |
| Theodore Brewer | 977031 | N324 |
| Kenneth Kelly | 144362 | N321 |
| Larry Richmond | 973593 | N418 |
| Greg Hayes | 911536 | N415 |
| Kenneth Williams | 116546 | N208 |
| Brian Gooldy | 107594 | N403 |

*ATTACHED EXHIBIT # 3*

Cc:  DM/sh
     File

# WABASH VALLEY CORRECTIONAL
## FACILITY
## MEMO

To: A. El-Shabazz

Doc#: 885235     House: D307

Date: 5-4-18

This memo is to inform you that you have been added to the Ramadan list.

A. Austin
RSD Admn. Asst.

ATTACHED
EXHIBIT
#4

INFORMAL GRIEVANCE
INDIANA DEPARTMENT OF CORRECTION.
REQUEST FOR INTERVIEW

TO: Mr. Weymeier     OFFICE: WIRE HARNESS     DATE: 5/3/2018

NAME: El-Shabazz, A.     DOC# 895235   DORM: D-307   ASSIGNMENT: Porter

Reason for request (be as definite as possible) On 4/19/2018, I was interviewed for a position with WIRE

HARNESS by Mr. Ryan Weymeier. During the said interview, I was wearing a KOOFI, which identified

me to be of the Islamic Faith. Despite of being aware of my certifications, and qualifications

months prior to the said interview, Mr. Weymeier decided not to offer me a position with

WIRE HARNESS on 5/3/2018, because of my said identification with Islam.   cc: FILE.

—DO NOT WRITE BELOW THIS LINE—

Action: I Interviewed a bunch of people, and you were not selected.

By: Ryan Weymeier 5/4/18

State Form #36935 (R/4-91)

ATTACHED EXHIBIT #5



**CLASSIFICATION APPEAL**
State Form 5250 (R2 / 3-93)

ATTACHED
EXHIBIT #6



D307

**INSTRUCTIONS:**   1. Intra-Facility classification appeals, send to facility head
2. Inter-Facility-Department classification appeals, send to:   *Director of Classification*
*302 West Washington Street, Room E334*
*Indianapolis, Indiana 46204*

| Name of offender | Identification number |
|---|---|
| Akheron El-Shabazz | 885235 |
| Facility | Housing assignment |
| Wabash Valley Correctional Facility. | D-307-upper |

In compliance with Department of Correction procedures, I am submitting this classification appeal within ten (10) working days from the date that I was notified of the classification decision(s) and the other pertinent documents.

I hereby appeal the decision by:

| Name | Title |
|---|---|
| Ryan Wehimeyer | Wire Harness Supervisor |
| Facility | Date signed |
| WABASH VALLEY CORRECTIONAL FACILITY | 5/4/2018 |

The decision was:

"I interviewed a bunch of people, and you were not selected. See ATTACHED INFORMAL GRIEVANCE, which was delivered to me by Ms. A. Downey on 5/15/2018, which is verifiable by her, and her written response, she returned to me regarding my REQUEST FOR A FORMAL GRIEVANCE.

I base my appeal on the following reasons:

The untimeliness of this ongoing appeal, is not because of an absence of due diligence on my part. Because of the Federal Constitutional grounds upon which the said appeal rests. I Sought to obtain relief via the Informal and Formal Grievance process wrongfully. (1 of 3)
— See ATTACHED —

| Signature of offender | Date signed |
|---|---|
| | 5/22/2018 |

Response:   ☐ Appeal granted   ☒ Appeal denied

Basis for denial:

Your classification appeal and all related documents have been reviewed. Per AP 04-04-102, PEN staff members select the offenders that best fit the job requirements. The best applicants are selected for the work assignments. You were not selected during this round of interviews. Rejection is part of searching for employment, both while incarcerated and in general society. You have not provided any evidence that you were discriminated against.
Appeal denied.

| Signature | Title | Date signed |
|---|---|---|
| | Dir. | 6/20/18 |

**DISTRIBUTION:** White - Facility packet; Canary - Offender; Pink - Central office

Consequently, on 5/21/2018, the Facility Grievance Specialist, instructed me to pursue a Classification Appeal instead of pursuing a grievance. As such, given that I did attempt to remedy my issue informally in a timely manner. And, thereafter attempted to remedy my issue administratively timely, albeit via the wrong avenue. And, given that only one (1) day has elapsed between the said instructions, that I received from the Facility Grievance Specialist, and this ongoing appeal, I believe the untimeliness of this ongoing appeal can be justifiably excused, and its merits can be addressed.

On 4/19/2018, I was interviewed for a position with WIRE HARNESS by Mr. Ryan Wehrmeyer. During the said interview, I was wearing a Koofi, which identified me to be of the Islamic Faith. Despite of being aware of my certifications, and qualifications months prior to the said interview, Mr. Wehrmeyer decided not to offer me a position with WIRE-HARNESS on 5/2/2018, because of my said identification with Islam.

The allegation of unconstitutional discrimination, is based upon the fact, that I along with Mr. W. Richeson (891621) were interviewed simultaneously, and privately

(2 of 3)

on 4/19/2018 by Mr. Ryan Wehrmeyer. Being as such, at the said time of the interview, Mr. Ryan Wehrmeyer was looking to fill eleven (11) slots within the WIRE HARNESS SHOP.

I and Mr. Walter Richeson (891621) had both previously worked in the WIRE HARNESS Shop. Mr. Walter Richeson (891621) is NOT of the Islamic Faith. Mr. Ryan Wehrmeyer on 5/2/2018 rehired Mr. Walter Richeson (891621), and decided NOT to rehire me into the WIRE-HARNESS Shop.

Given, that Mr. Ryan Wehrmeyer explicitly failed to give me a rational basis related to a legitimate governmental/departmental purpose for his decision to NOT rehire me into the WIRE-HARNESS shop, I believe that his decision to not rehire me was actually based upon my said identification with Islam during the said interview

Thank-you for your attention to this matter.

(3 of 3)

| POLICY AND ADMINISTRATIVE PROCEDURES | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 04-03-103 | 12/1/2012 | 8 | 34 |
| Title | | | |
| **INFORMATION AND STANDARDS OF CONDUCT FOR DEPARTMENTAL STAFF** | | | |

*Attached Exhibit #7*

E.  I shall uphold the provisions of the United States Constitution, the Constitution of the State of Indiana, federal and state laws, rules and regulations and the policies and procedures of the Department.

F.  I shall conduct myself, whether on-duty or off-duty, in a manner that will not bring dishonor or disrepute to the Department or the State of Indiana.

G.  I shall maintain the confidentiality of any information entrusted to me and designated as confidential.

H.  I shall not use my position with the Department for personal gain.

I.  I shall not discriminate against any person, including offenders, other staff persons, or the public, in any manner on the basis of race, color, creed, religion, sex, national origin, gender, sexual orientation, physical disability, or mental disability.

J.  I shall not accept nor solicit, from anyone including offenders and/or offender families or acquaintances, anything of value, including a gift, gratuity, favor, entertainment or loan, which is or may appear to be designed to influence any official conduct.

K.  I shall maintain the highest standards of personal hygiene, grooming and neatness while on-duty or when representing the Department in any manner.

L.  I shall report any corrupt or unethical behavior that could impact upon the operation of the Department.

A staff person, who has a question regarding certain behavior that may violate an ethics rule or law, is strongly encouraged to contact the Indiana State Ethics Commission and seek an advisory opinion before engaging in the behavior. Information on how to seek an advisory opinion by the State Ethics Commission can be at found at the Office of the Inspector General's website located at the following link: http://www.in.gov/ig/2336.htm.

*ATTACHED EXHIBIT #7*

United States District Court

Southern District of Indiana

Terre Haute Division

Akhenaton El-Shabazz,

Plaintiff,

v.

Ryan Wehrmeyer (sued
in his individual capacity),

et. al.,

Defendants.

Case No: 2:18-cv-408-
JMS-DLP

SECOND AMENDED PRISONER

COMPLAINT 42 U.S.C. §1983

I. Parties

The names and addresses of each plaintiff and defendant
are the following:

A: Plaintiff :

Akhenaton El-Shabazz

(885235) (D-307)

6908 South Old U.S. Hwy 41

P. O. Box 500

Carlisle, Ind. 47838

B. Defendants :

Ryan Wehrmeyer (Sued in his individual capacity)

Supervisor of Wire Harness Shop @ Wabash Valley

( 1 of 13 )

Correctional Facility

6908 South Old U.S. Hwy 41

P.O. Box 500

Carlisle, Ind. 47838


Kevin Gilmore (sued in his individual capacity)

Assistant Superintendent of Wabash Valley

Correctional Facility

6908 South Old U.S. Hwy 41

P.O. Box 500

Carlisle, Ind. 47838


II. Statement of Jurisdiction and Previous Lawsuits:

Jurisdiction over this action exists in the United
States District Court for the Southern District of
Indiana because this Court has original juris-
diction over this action pursuant to 28 U.S.C.
§1331; §1441, because the events complained about
occurred within Vigo County's neighborring county i.e.
Sullivan County, Indiana. And, because most of
all the Plaintiff is seeking recovery under 42 U.S.
C. §1983.


III. The Plaintiff has never sued anyone for the
same actions which he is complaining about
herein.

(2 of 13)

IV. Cause of Action:

Ground 1: The actions of defendant Ryan Wehrmeyer in Rehiring Mr. Walter Richeson (D.O.C. 891621), who is not of the Islamic Faith, and not Rehiring the Plaintiff, who is of the Islamic Faith, and explicitly failing to give the Plaintiff, a rational basis related to a legitimate governmental/departmental purpose, constituted a deprivation of equal protection of the law as guaranteed by the Fourteenth Amendment.

Ground 2: The actions of defendant Ryan Wehrmeyer in Rehiring Mr. Walter Richeson (D.O.C. 891621), who is not of the Islamic Faith, and not rehiring the Plaintiff, who represented himself to Ryan Wehrmeyer via wearing a Koofi in accord with being an adherent, and or student of the Islamic Faith, constituted a penalty, which is a violation of the religious freedoms guaranteed by the First and Fourteenth Amendments to the United States Constitution.

Ground 3: The actions of defendant Kevin Gilmore, in failing to overturn/grant the Plaintiff's Classification Appeal, despite being alerted,

(3 of 13)

that the Plaintiff, had been penalized for practicing his religion, and was deprived equal protection of the law by Mr. Ryan Wehrmeyer, essentially constituted deliberate indifference, and further deprived the Plaintiff the guarantees of the First and Fourteenth Amendments to the United States Constitution.

V. Statement of Facts:

1). The Plaintiff (El-Shabazz) asserts, that he is a member of a protected class under the First, and Fourteenth Amendments, i.e. a Sufi. Specifically, one whom is a student, and adherent of the esoteric, and exoteric teachings of the Prophet Muhammad (upon whom be blessings and peace).

2). The said teachings are unassailably of a religious nature, given that they rests upon a student, and or adherent, being an affiant, and advocate of monotheism, prayer, and charity. Ref. "Mohammad," Cambridge Encyclopedia, 4th. Ed., p. 736. See also, Attached Exhibit 2.

3). The sincerity of the Plaintiff being the abovestated student, and adherent, is reasonably inferrable from

(4 of 13)

the leadership, that the Plaintiff has demonstrated in assisting his fellow prisoners understand the Holy Quran, which is the sacred text for Islamic belief and practice. Ref. Cambridge Encyclopedia, 4th. Ed., p. 906. See also, Attached Exhibit 3.

4). In addition to the foregoing premise, the same said sincerity, is reasonably inferrable further from the Plaintiff fasting during the Holy Islamic Month of Ramadhan (May 2018 - June 2018). During the said month, observants of the said month abstain from consumming any food or drink, and or participating in any type of sexual activity from dawn to sunset. The said fast is obligatory upon "BELIEVERS" per Holy Quran 2:183-185; et.al. See Attached Exhibit 4.

5). On 4/19/2018, the Plaintiff was interviewed for a position with the Wire Harness Shop of Wabash Valley Correctional Facility (W.V.C.F.) by Mr. Ryan Wehrmeyer. During the said interview, the Plaintiff was wearing a KOOFI, which specifically identified the Plaintiff to be of the Islamic Faith.

6). Months prior to 4/19/2018, Mr. Ryan Wehrmeyer was demonstrably informed about the Plaintiff's applicable, and relevant certifications, qualifications,

(5 of 13)

and experience. Nevertheless, on 5/1/2018, Mr. Ryan Wehrmeyer intentionally / purposefully decided not to offer the Plaintiff a position with the said wire harness shop, because of the Plaintiff's said identification with Islam.

7). A Koofi is a skullcap, which is worn by males, all of the time, whom are students, and or adherents of the Islamic Faith. A Koofi is similar to the Jewish male skullcap known as a Yarmulka.

8). The Plaintiff's allegation of unconstitutional discrimination is predicated, and clearly apparent from Mr. Ryan Wehrmeyer's intentional / purposeful actions on 5/2/2018 via Mr. Ryan Wehrmeyer's conscious decision to not offer the Plaintiff a position within the said wire harness shop.

9). And, as such, is further predicated, and clearly apparent from Mr. Ryan Wehrmeyer's intentional / purposeful action to interview one (1) Mr. Walter Richeson (D.O.C. 891621) simultaneously during the same instance, when Mr. Ryan Wehrmeyer conducted his aforementioned interview of the Plaintiff on 4/19/2018.

10). Mr. Walter Richeson (D.O.C. 891621) was interviewed firstly, and upon the completion of the said interview, Mr. Walter Richeson (D.O.C. 891621) exited the office, and sit himself down in a waiting area, where the Plaintiff, and two (2) other prisoners were awaiting thereto be interviewed.

11). While Mr. Walter Richeson (D.O.C. 891621) remained seated in the said area, Mr. Ryan Wehrmeyer directed the Plaintiff to enter the said office in order to be interviewed.

12). Notably at the instance, when Mr. Ryan Wehrmeyer conducted his interviews of Mr. Walter Richeson (D.O.C. 891621), and of the Plaintiff on 4/19/2018, Mr. Ryan Wehrmeyer was interviewing prisoners in order to fill eleven (11) positions within the wire harness shop of W.V.C.F.

13). The Plaintiff and Mr. Walter Richeson (D.O.C. 891621) BOTH had previously worked in the said wire harness shop.

14). Mr. Walter Richeson (D.O.C. 891621) is not of the Islamic Faith.

15). On 5/2/2018, Mr. Ryan Wehrmeyer intentionally/ purposefully decided to REHIRE Mr. Walter Richeson (D.O.C. 891621). And, by the same token, on 5/2/2018, Mr. Ryan Wehrmeyer intentionally/purposefully decided NOT to REHIRE the Plaintiff into the said wire harness shop.

16). Given that Mr. Ryan Wehrmeyer explicitly stated, "I interviewed a bunch of people, and you were not selected." See Attached Exhibit 5. And, therewith failed to give the Plaintiff a rational basis related to a legitimate governmental/ departmental purpose for his intentional/ purposeful discriminatory decision to NOT REHIRE the Plaintiff into the said wire harness shop, and to specifically REHIRE Mr. Walter Richeson (D.O.C. 891621) on 5/2/2018. It is clear, that Mr. Ryan Wehrmeyer's foresaid intentional/purposeful discrimination between the Plaintiff, and Mr. Walter Richeson (D.O.C. 891621) was intentional, deliberate, and or purposefully unconstitutionally based upon the Plaintiff's identification with Islam on 4/19/2018, which is offensive to the First and Fourteenth Amendments to the United States Constitution.

17). The Plaintiff herenow alleges that Mr. Ryan Wehrmeyer executed all of the foresaid intentional/ purposeful actions

while acting under the color of State law. And,
therewith intentionally / purposefully strove to deprive
the Plaintiff of his right to equal protection of the
law, and to practice his religion without fear of penalty,
all of which thereby violating the First, and Fourteenth
Amendments to the United States Constitution.

18). On or about, May 30, 2018, Mr. Kevin Gilmore,
Assistant Superintendent of Wabash Valley Correctional
Facility, while acting under color of State law, did
review the Plaintiff's Classification Appeal (Attached
Exhibit 6), and did, willfully and wantonly, intentionally,
and or purposefully, fail to act with safe and proper
care, and control under I.D.O.C. Administrative Policy
04-03-103, VI, E (Attached Exhibit 7), to guard
and enforce the Plaintiff's rights, to practice his
religion without fear of penalty, and to equal protection
of the law, which the Plaintiff raised within the said
Classification Appeal (Attached Exhibit 6) to the
Facility Head, which Mr. Kevin Gilmore denied on
May 30, 2018, and cited therein "A.P. 04-04-102,"
which the Plaintiff was unable to locate within the
contents of the Policy Database, as provided at
Wabash Valley Correctional Facility to prisoners, thus
Mr. Kevin Gilmore, knowingly furthered, the Plaintiff being
deprived of his rights to practice his religion without

fear of penalty, and to equal protection of the law, which are guaranteed by the First and Fourteenth Amendments to the United States Constitution.

VI. Relief:

Wherefore, Plaintiff respectfully prays that this Court enter judgment granting the Plaintiff:

1). A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution, and laws of the United States.

2). Compensatory Damages: Wages which the Plaintiff would have earned, but for having to suffer being penalized for practicing his religion, and being unconstitutionally discriminated against, which caused the Plaintiff to be deprived of $1,087.50 per month from 5/2/2018 up to, and including the time when this lawsuit has reached it's conclusion; against the defendants Mr. Ryan Wehrmeyer and Kevin Gilmore jointly and severally; calculated via $7.25 per hour x 7.5 hours per day = $54.375 per day x 5 days per week = $271.875 per week x 4 weeks per month = $1,087.50 per month.

3). Punitive Damages:

    a). $1,000 against defendant Ryan Wehrmeyer.

    b). $1,000 against defendant Kevin Gilmore.

4). Plaintiff's costs in prosecuting this suit against the defendants Mr. Ryan Wehrmeyer and Kevin Gilmore jointly and severally.

5). Any Attorney fees incurred by the Plaintiff regarding this lawsuit, against the defendants Mr. Ryan Wehrmeyer and Mr. Kevin Gilmore jointly and severally.

VII. Jury Demand:
Pursuant to Fed. Rules of Civil Procedure, Rule 38, Plaintiff respectfully waives his right to a trial by jury of all triable issues involved in this action.

Akhenaton El-Shabazz                    October 12, 2018

VIII Affirmation of Plaintiff
I, Akhenaton El-Shabazz, do hereby affirm under 28 U.S.C. §1746, and the penalties for perjury, that the above and foregoing representations are true and correct to the best of my knowledge and belief.

Akhenaton El-Shabazz                    October 12, 2018

Respectfully Submitted, this 12th of October, 2018.
Akhenaton El-Shabazz

( 11 of 13 )

## Certificate of Service

A copy of the foregoing has been served upon adverse parties or their counsel pursuant to the Court's prisoner e-filing program.

Atchenston El Shobazz

Roster of Attached Exhibits for Second Amended Prisoner Complaint under 42 U.S.C. §1983

Exhibit 1: Certified Mail Receipt to Director of Classification @ I.D.o.c. Idpls., Ind. 46204.

Exhibit 2: Statement of Offender's Religious Preference (El-Shabazz 885235).

Exhibit 3: Wabash Valley Correctional Facility Memorandum re: El-Shabazz (885235)... Leading Quran Study.

Exhibit 4: Wabash Valley Correctional Facility Memos Re: El-Shabazz (885235) being added to the Ramadhan List.

Exhibit 5: Informal Grievance with response from Mr. Ryan Wehrmeyer.

Exhibit 6: Classification Appeal to the Facility Head, which Mr. Kevin Gilmore denied on May 30, 2018.

Exhibit 7: I.D.o.c. Administrative Policy 04-03-103, VI, E.