**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| AKHENATON EL-SHABAZZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 2:18-CV-00408-JMS-DLP |
| v. | ) | |
| | ) | |
| RYAN WEHRMEYER  and | ) | |
| KEVIN GILMORE, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT RYAN WEHRMEYER'S
MOTION TO DISMISS SECOND AMENDED PRISONER COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Ryan

Wehrmeyer respectfully requests that the Court dismiss the claims against him in the Second

Amended Prisoner Complaint (Doc. 13) filed by Plaintiff Akhenaton El-Shabazz.  Although the

Court has screened the *pro se* complaint with respect to the claims against Defendant Kevin

Gilmore, the assistant warden of the Wabash Correctional Facility (Doc. 12), the Court has not

screened the complaint with respect to claims against Wehrmeyer, Kauffmann Engineering,

Inc.'s supervisor at the wire harness shop at issue in this lawsuit.

El-Shabazz is a *pro se* prisoner bringing suit under 42 U.S.C. § 1983.  He claims that

Wehrmeyer violated his rights under the First and Fourteenth Amendments to the U.S.

Constitution when Wehrmeyer did not hire him for a position in the wire harness shop that

Kauffman Engineering oversaw at the Wabash Valley Correctional Facility.  (Second Amended

Complaint, ¶¶ 15–17).  He also claims Gilmore violated those same constitutional provisions by

allegedly denying his grievance on this basis of his religion.  (Doc. 12 at 1).  But while the

Court's screening order allows the claims to proceed against Gilmore because, as the State's

1

assistant warden, he was allegedly acting under color of state law, El-Shabazz does not allege facts showing that Wehrmeyer, the supervisor for a private company, acted under color of state law. El-Shabazz has therefore failed to state a claim upon which relief may be granted, and his claims against Wehrmeyer must be dismissed.

## I.  FACTUAL ALLEGATIONS[1]

El-Shabazz is a prisoner at the Wabash Valley Correctional Facility in Carlisle, Indiana. (Second Amended Complaint, Section I.A.).  He identifies with the Islam religion. (Second Amended Complaint, ¶¶ 3–5, 7).  More specifically, El-Shabazz claims he is a member of a protected class as a "Sufi," which he describes as "one whom is a student, and adherent of the esoteric and exoteric teachings of the Prophet Muhammad . . . ."  (*Id.* at ¶ 1).  Such teachings are of a religious nature.  (*Id.* at ¶ 2).

The Wabash Correctional Facility provides "offender labor to work in the wire operation" for the benefit of and under the supervision of Kauffman Engineering at agreed upon rates. IDOA Contract at 3 ¶ L; *id.* at 4 (attached as Ex. 1).[2]  The State provides the labor, space, and utilities.  IDOA Contract at 3-4 ¶¶ A–P.  Kauffman Engineering provides the supervision, training, equipment, tools, and supplies.  IDOA Contract at 2–3 ¶¶ A–K.  The contract governing this arrangement expressly provides that Kauffman Engineering is an independent contractor, stating:  "Both parties hereto, in the performance of this Contract, shall act in an individual

---

[1] Because the motion is pursuant to Rule 12(b)(6), Wehrmeyer assumes the truth of El-Shabazz's allegations in his Second Amended Complaint for purposes of this brief only.

[2] This government contract is a public document available through the Indiana Transparency Portal at https://fs.gmis.in.gov/IDOAcontracts/public/26930-000.pdf.  The Court may therefore take judicial notice of it without converting the motion to dismiss to a summary judgment motion.  *See Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (a court may take judicial notice of public records that are not subject to reasonable dispute in ruling on a motion to dismiss under Rule 12(b)(6)); Ind. Code § 5-14-3-2 (definition of "public record").

capacity and not as agents, employees, partners, joint venturers or associates of one another.  The employees or agents of one party shall not be deemed or construed to be the employees or agents of the other party for any purposes whatsoever."  IDOA Contract at 11.

Wehrmeyer is Kauffman Engineering's supervisor at the wire harness shop.  (Second Amended Complaint, Section I.B.).  On April 19, 2018, he interviewed El-Shabazz for a position there. (Second Amended Complaint, ¶ 5).  During that interview, El-Shabazz wore a kufi,[3] which he alleges specifically identified him to be of the Islamic Faith.  (*Id.*).  On that same date, Wehrmeyer interviewed another prisoner, Walter Richeson, for the position. (*Id.* at ¶¶ 9–12). Richeson is not of the Islamic faith. (*Id.* at ¶ 14).  El-Shabazz alleges that both Richeson and he had worked previously in the wire harness shop. (*Id.* at ¶ 13).  On May 2, 2018, Wehrmeyer decided to not offer Plaintiff a position with the wire harness shop, but did offer Richeson the position. (*Id.* at ¶ 15).  El-Shabazz alleges that Wehrmeyer did not select El-Shabazz because of his identification with Islam, which violates the First and Fourteenth Amendments to the United States Constitution. (*Id.* at ¶¶ 6, 16–17).  El-Shabazz states that Wehrmeyer executed such "intentional/purposeful actions, while acting under the color of state law." (*Id.* at ¶ 17).

## II.      ARGUMENT

### A.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim where the pleadings fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] "A Koofi [sic] is a skullcap, which is worn by males, all of the time, whom are students, and or adherents of the Islamic Faith. A Koofi [sic] is similar to the Jewish male skullcap known as a Yarmulka [sic]." (Second Amended Complaint, ¶ 7).

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts consider a claim facially plausible when the facts pleaded "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff.  *King v. Indiana Supreme Court*, No. 1:14-cv-01092-JMS-MJD, 2015 WL 2092848, at *1 (S.D. Ind. May 5, 2015).  However, the Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *Id.* (citing *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011)). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012); *see also Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991) ("Plaintiffs may not avoid dismissal . . . simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims.").

B. **El-Shabazz's claims warrant dismissal because he fails to allege facts showing that Wehrmeyer acted under color of state law.**

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that a person acting under color of state law deprived him of a right secured by the United States Constitution or laws.  *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010). This generally means the plaintiff must allege that a government official or employee deprived him of such rights in a way that is fairly attributable to the State.  *See Christensen v. Cty. of Boone, IL*, 483, F.3d 454, 459 (7th Cir. 2007); *Rodriquez v. Plymouth Ambulance Service*, 577 F.3d 816, 822–23 (7th Cir. 2009).  If a plaintiff brings a section 1983 claim against a defendant

4

who is not a government official or employee, the plaintiff must raise sufficient allegations that the private entity acted under the color of state law. *Rodriquez*, 577 F.3d at 822.

For a private actor to act under color of state law, "he must have had a meeting of the minds and thus reached an understanding with a state actor to deny plaintiffs a constitutional right." *Wilson v. Warren County, Ill.,* 830 F.3d 464, 468 (7th Cir. 2016) (internal quotations omitted). Where plaintiffs do not allege a state actor's participation in the constitutional violation, there can be no liability. *Peyton v. Pfizer, et al.*, No. 217-cv-00421-WTL-MPB, 2017 WL 6387318, at *2 (S.D. Ind. Dec. 14, 2017). "Without personal liability, there can be no recovery under 42 U.S.C. § 1983." *Id.* (citing *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009)); *see also Wilson v. Price*, 624 F.3d 389, 394–95 (7th Cir. 2010) ("A private citizen may not be liable under § 1983 unless the citizen becomes a public officer *pro tem* or conspires with a public employee to deprive a person of his constitutional rights. . . . The plaintiffs have made no allegation that [the defendant]'s conduct fits into either category, and without so alleging, the complaint fails to demonstrate that [the defendant] was acting under color of state law." (internal citation omitted)); *Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir. 2009) (applying the plausibility standard to a section 1983 claim and finding that complaint's conspiracy allegations did not state a plausible claim because they were conclusory: "[n]o factual allegations tie the defendants to a conspiracy with a state actor.").

*Peyton v. Pfizer* is illustrative. There, the court found that a plaintiff failed to state a claim under section 1983 where none of the named defendants were state actors and the plaintiff had not sufficiently pleaded that defendants acted under color of state law. *Peyton*, 2017 WL 6387318, at *2. In that case, the court was screening the prisoner's claims pursuant to 28 U.S.C. § 1915(A) to determine whether such claims should be dismissed as frivolous or malicious. *Id.*

at *1.  In doing so, it applied the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*  The prisoner had named seven defendants: "1) Pfizer (makers of Zoloft); 2) Eli Lilly & Co. (makers of Pericocet); 3) Dr. Karen Leinenbach, OBGYN; 4) Dr. Meredith Williams; 5) Dr. Angela DeWeese; 6) IU Medical Center; and 7) Dr. Allen Ladd."  *Id.*  The prisoner essentially alleged that the doctors had committed medical malpractice, in part by prescribing the mother of his son Zoloft and Pericocet during her pregnancy (his complaint indicated that his son had died within a year of birth).  The complaint did not explicitly acknowledge that the parties it named were private actors (nor did it say they were state actors).  The court dismissed the prisoner's section 1983 claim on the basis that: "None of the defendants are state actors.  They are private citizens and corporations."  *Peyton*, 2017 WL 6387318, at *2.

Here, El-Shabazz fails to sufficiently allege that Kauffman Engineering's supervisor, Wehrmeyer, acted under color of state law.  In his Second Amended Complaint, El-Shabazz only includes the conclusory statement that Wehrmeyer engaged in "intentional/purposeful actions, while acting under the color of state law."  Such a legal conclusion to his narrated facts is insufficient.  *See Perkins*, 939 F.2d at 466.  While Kauffman Engineering had a contract with the State, there is no allegation that Kaufmann Engineering or its supervisor conspired with the State to discriminate against El-Shabazz.  In other words, while Gilmore is named as a State defendant, the alleged constitutional violations of each defendant are separate and distinct—Wehrmeyer allegedly discriminating in making a hiring decision, and Gilmore allegedly discriminating in handling an administrative grievance process—and there is no allegation that Wehrmeyer conspired with Gilmore to violate El-Shabazz's constitutional rights.  Thus, El-Shabazz's allegations as to Wehrmeyer acting under color of state law constitute mere legal

conclusions. *Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir.2012) (" '[F]actual allegations [must] "plausibly state an entitlement to relief," ' to a degree that rises 'above the speculative level.' " (internal citations omitted)).   That is insufficient to state a plausible claim for relief under *Twombly* and *Iqbal*.

### III.   <u>CONCLUSION</u>

For these reasons, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Ryan Wehrmeyer respectfully requests that this Court enter an order dismissing Plaintiff's Second Amended Complaint.

Respectfully submitted,

s/ Kayla Ernst
Kayla Ernst, Atty. No. 34003-15
Derek Molter, Atty. No. 27260-53
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone: (317) 236-2193 and (317) 236-2411
Fax: (317) 592-4897 and (317) 592-4779
Derek.Molter@icemiller.com
Kayla.Ernst@icemiller.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Brief in Support of Defendant's Motion to Dismiss Second Amended Complaint was served by U.S. First Class Mail to the Plaintiff listed below on this 6th day of November, 2018.

Akhenaton Immanuel E-Shabazz
(885235) D-307
c/o Wabash Valley Correctional Facility
6908 South Old U.S. Hwy. 41
P.O. Box 500
Carlisle, IN  47838

s/ Kayla Ernst
Kayla Ernst
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone: (317) 236-2411
Fax: (317) 592-4779
Kayla.Ernst@icemiller.com

I\13599169