United States District Court

Southern District of Indiana

Terre Haute Division

FILED
3:17 pm, Jan 03, 2019
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

Akhenaton El-Shabazz,

Plaintiff,

v.

Ryan Wehrmeyer (sued in his individual capacity), et. al.,

Defendants.

Case No: 2:18-cv-408

JMS DLP

## Brief in Support of Plaintiff's Motion for Summary Judgment

Statement of the Case:

This is a 42 U.S.C. §1983 action filed by a prisoner at Wabash Valley Correctional Facility seeking damages, and declaratory judgment, based upon unconstitutional discrimination, because of the Plaintiff's Islamic Faith. In this Motion the Plaintiff seeks summary judgment as to the liability of Defendant Assistant Warden Kevin Gilmore, for his failure to act in opposition to the Plaintiff's complaint of being deprived of his rights as guaranteed by the First and Fourteenth

Amendments to the United States Constitution in prohibiting religious discrimination.

Statement of the Facts:

As set forth in the accompanying affidavit of the Plaintiff, Akhenaton El-Shabazz, in accord with department, and prison policies, submitted a Classification Appeal to the Facility Head, complaining about being unconstitutionally discriminated against, because of the Plaintiff's Islamic Faith. The contents of the said Classification Appeal, provided the Facility Head with all of the essential dimensions, that would have caused a rational, and impartial decision maker to clearly conclude only one (1) conclusion. Specifically, that the Plaintiff had been unconstitutionally discriminated against, and was rightfully entitled to have the said Classification Appeal granted instead of being denied on 5/30/2018.

## ARGUMENT

### POINT I

DEFENDANT ASSISTANT WARDEN KEVIN GILMORE IS LIABLE FOR FURTHERING THE INTENTIONAL UNCONSTITUTIONAL RELIGIOUS DISCRIMINATION,

BY REASON OF HIS INTENTIONAL FAILURE TO CORRECT IT, WHEN HE WAS DULY INFORMED ABOUT IT, AND WAS IN A POSITION OF POWER TO CORRECT THE SAID DISCRIMINATION.

Although Defendant Assistant Warden Kevin Gilmore did not commit the unconstitutional religious discrimination, he became responsible for it, when he failed to correct it in the course of his supervisory responsibilities. A supervisor who learns of a constitutional violation through a report, or appeal may be held liable for failing to correct it. Williams v. Smith, 781 F.2d. 319, 323-24 (2nd Cir. 1986). In particular, wardens, and other high-level prison officials, who are designated to decide administrative appeals have the duty to conduct at least a "minimal investigation", when confronted with information of Constitutional violations, and they may be held liable for failing to perform this duty. See e.g. Feagin v. Broglin, 693 F. Supp. 736, 740 (N.D. Ind. 1988). See also, Smith v. Rowe, 761 F.2d. 360, 369 (7th Cir. 1985) (Director of Corrections held liable for his knowing failure to remedy improper segregation of prisoner).

It cannot be argued, that the Defendant Assistant Warden Kevin Gilmore did not know of the intentional unconstitutional religious discrimination in this case. Because, the Plaintiff duly provided all of the essential elements for sufficiently complaining of intentional unconstitutional religious discrimination, in the Plaintiff's Classification Appeal to the Facility Head. Thus, the Defendant Assistant Warden Kevin Gilmore was fully informed about the Plaintiff being irreparably injured with/from intentional religious discrimination, which is offensive to the First and Fourteenth Amendments to the United States Constitution.

This is a case, where the Defendant Assistant Warden Kevin Gilmore "personally had a job to do, and he did not do it," and his failure to do his job was "so likely to result in the violation of the inmates' constitutional rights," as to establish deliberate indifference on his part. Hill v Marshall, 962 F.2d. 1209, 1213-1214 (6th Cir. 1992) (emphasis in original) cert. denied, ___ U.S. ___ (1993). Deliberate indifference by supervisory officials to inmates' constitutional rights is sufficient to establish liability under 42 U.S.C. §1983. Aswegan v. Bruhl, 965 F.2d. 676,

677 (8th Cir. 1992); Walker v. Norris, 917 F.2d. 1449, 1456 (6th Cir. 1990).

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment on liability for the Plaintiff on his claim, that Defendant Assistant Warden Kevin Gilmore furthered intentional unconstitutional religious discrimination, by reason of his intentional failure to correct it, when he was duly informed about it, and was in a position of power to correct the said discrimination.

WHEREFORE, the Plaintiff prays that this Court enter Summary Judgment under Fed. R. Civ. P. Rule 56 granting the Plaintiff:

1). A declaration that the acts, and omissions of Defendant Assistant Warden Kevin Gilmore violated the Plaintiff's rights under the Constitution and laws of the United States.

2). Compensatory Damages: Wages which the Plaintiff would have earned, but for having been denied his rights as guaranteed by the First, and Fourteenth Amendments to the UNITED STATES CONSTITUTION, which caused the Plaintiff to be deprived of $1,087.50 per month from

5/2/2018 up to, and including the time when this case has reached its conclusion, against the Defendant Assistant Warden Kevin Gilmore, that is calculated via $7.25 per hour x 7.5 hours per day = $54.375 per day x 5 days per week = $271.875 per week x 4 weeks per month = $1,087.50 per month.

3). *Punitive Damages*:

    a). $1,000 against defendant Assistant Warden Kevin Gilmore.

And, for any additional relief, that the Court deems is just, and proper within the foregoing premises.

Respectfully Submitted,
Akhenaton El-Shabazz ✶       Jan 3, 2019
Plaintiff       DATE

## Certificate of Service

A copy of the foregoing has been served upon adverse parties, or their counsel pursuant to the Court's prisoner e-filing program.

Akhenaton El-Shabazz ✶