UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AKHENATON EL-SHABAZZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00408-JMS-DLP |
| | ) | |
| RYAN WEHRMEYER, | ) | |
| KEVIN GILMORE, | ) | |
| | ) | |
| Defendants. | ) | |

### **ENTRY**

On August 8, 2018, Plaintiff Akhenaton El-Shabazz filed this matter *pro se* in Sullivan County Circuit Court, alleging that he was denied a job in the Wabash Valley Correctional Facility because of his religion. [*See* Filing No. 1-1.] Defendant Ryan Wehrmeyer, at the time the sole defendant, removed this matter on September 13, 2018. [Filing No. 1.] Mr. El-Shabazz sought and received leave to file a Second Amended Complaint, adding Assistant Warden Kevin Gilmore as a defendant. [*See* Filing No. 12.] Since that time, a slew of motions has ensued. Mr. Wehrmeyer has filed a Motion to Dismiss for failure to state a claim upon which relief may be granted. [Filing No. 18.] Mr. El-Shabazz has filed a Motion for Summary Judgment as to his claim against Mr. Gilmore. [Filing No. 34.] The remaining motions pertain to the briefing of the Motion to Dismiss and the Motion for Summary Judgment, which has spiraled far beyond the briefing permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court. [Filing No. 31; Filing No. 32; Filing No. 43; Filing No. 45.] For the reasons described below, the Court **DENIES** each of the currently-pending motions.

# I.
## BACKGROUND

The lone motion for which review on the merits is appropriate is Mr. Wehrmeyer's Motion to Dismiss, so the Court sets forth the facts as described in Mr. El-Shabazz's currently-operative Second Amended Complaint and exhibits. [Filing No. 13.]

Mr. El-Shabazz is a Sufi adherent of Islam who is currently incarcerated at Wabash Valley Correctional Facility. [Filing No. 13 at 3-9; Filing No. 13 at 14.] Mr. El-Shabazz has previously worked in the wire harness shop at the prison. [Filing No. 13 at 17.] Mr. El-Shabazz interviewed with Mr. Wehrmeyer to be rehired at the wire harness shop on April 19, 2018. [Filing No. 13 at 17.] During the interview, Mr. El-Shabazz wore a kufi, which is a skullcap worn by Muslims. [Filing No. 13 at 16.] Also interviewed was Walter Richeson, a non-Muslim and former worker in the wire harness shop. [Filing No. 13 at 16-17.]

On May 2, 2018, Mr. Wehrmeyer rehired Mr. Richeson but did not rehire Mr. El-Shabazz. [Filing No. 13 at 18.] On May 3, 2018, Mr. El-Shabazz submitted an informal grievance, asserting that, despite being fully qualified for the wire harness position, Mr. Wehrmeyer did not rehire him because of his Islamic faith. [Filing No. 13 at 6.] Mr. Wehrmeyer responded on May 4, 2018 that he "interviewed a bunch of people, and you were not selected." [Filing No. 13 at 6.] No other explanation was given for Mr. Wehrmeyer's decision not to rehire Mr. El-Shabazz. [Filing No. 13 at 9.]

As both parties agree in their briefing on the Motion to Dismiss, the wire harness shop is operated by Kauffman Engineering, an independent contractor, [*see* Filing No. 19-1], and Mr. Wehrmeyer works for Kauffman as the wire harness shop supervisor, [*see* Filing No. 21 at 2; Filing No. 19 at 3]. *Cf. Bible v. Utd. Student Aid Funds, Inc.*, 799 F.3d 633, 640 n.1 (7th Cir. 2015) ("A party opposing [a Rule 12(b)(6)] motion is free to elaborate upon the facts in a brief.").

As noted, on August 8, 2018, Mr. El-Shabazz filed his Complaint in state court. [Filing No. 1-1 at 1-10.] After Mr. El-Shabazz filed an Amended Complaint on September 6, 2018, [Filing No. 1-1 at 29-39], Mr. Wehrmeyer removed the matter to this Court, [Filing No. 1]. On October 23, 2018, the Court granted Mr. El-Shabazz's motion for leave to file a Second Amended Complaint, [Filing No. 12], which was duly filed the same day, [Filing No. 13]. In his Second Amended Complaint, Mr. El-Shabazz alleges that Mr. Wehrmeyer violated his rights to freedom of religion and equal protection of the laws by refusing to rehire him because of his religious beliefs. [Filing No. 13 at 13.] Mr. El-Shabazz additionally alleges First and Fourteenth Amendment claims against defendant Kevin Gilmore, assistant warden of the Wabash Valley Correctional Facility, based upon Mr. Gilmore's allegedly discriminatory handling of the grievance Mr. El-Shabazz filed after being denied employment in the wire harness shop. [Filing No. 13 at 13-20.]

After the Court screened Mr. El-Shabazz's claim against Mr. Gilmore[1] and found it sufficient to state a claim, various motions ensued. Those motions are now ripe for review.

## II.
### MOTION TO DISMISS

**A. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it

---

[1] Mr. Wehmeyer's brief notes that the Court screened Mr. El-Shabazz's claim against Mr. Gilmore when Mr. El-Shabazz sought and received leave to file a Second Amended Complaint but did not screen his claim against Mr. Wehrmeyer. [Filing No. 19 at 1.] To the extent the Court's failure to screen Mr. El-Shabazz's claim against Mr. Wehrmeyer was in error, this Entry serves to correct the omission.

rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Finally, the Court must "construe *pro se* filings liberally," *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), and, in evaluating a complaint under the Rule 12(b)(6) standard, must be especially sensitive to the limited "opportunities [incarcerated litigants have] for conducting a precomplaint inquiry", *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (quoting *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995)); *cf. id.* at 830 (noting that inmate plaintiff could not, on motion to dismiss, "be charged fairly with knowing" details about private entity's relationship to prison system).

### B. Discussion

Mr. Wehrmeyer argues that Mr. El-Shabazz's Second Amended Complaint fails to plausibly allege that Mr. Wehrmeyer acted under color of state law when he refused to hire Mr. El-Shabazz. [Filing No. 19.] In response, Mr. El-Shabazz argues that Mr. Wehrmeyer performed

4

state functions in selecting who could work at the wire harness shop. [Filing No. 21; Filing No. 23.] In reply, Mr. Wehrmeyer reiterates and expands upon his arguments, contending that the state delegation doctrine cannot apply where the private party performs functions that the state itself is not obligated to provide—unlike medical treatment, which is mandated by the Eighth Amendment.[2] [Filing No. 26 at 5-10.]

In order to succeed on his constitutional claims, Mr. El-Shabazz will need to demonstrate that Mr. Wehrmeyer's alleged conduct is "fairly attributable to the States." *Rodriguez*, 577 F.3d at 823 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982)). This so-called state action requirement follows from the text of the Fourteenth Amendment, which provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, and 42 U.S.C. § 1983, which provides a private cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State," violates another's constitutional rights. *Wade v. Byles*, 83 F.3d 902, 904 n.4 (7th Cir. 1996) ("Conduct that constitutes state action under the Fourteenth Amendment necessarily satisfies § 1983's under color of state law requirement."). "It is well established that the Fourteenth Amendment 'erects no shield against merely private conduct, however discriminatory or wrongful.'" *Wade*, 83 F.3d at 904 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "At its most basic level, the state action doctrine requires that a court find such a 'close nexus between the state and the challenged action'

---

[2] The Court has limited its consideration of Mr. Wehrmeyer's Motion to Mr. Wehrmeyer's Memorandum, [Filing No. 19], Mr. El-Shabazz's Response, [Filing No. 23], and Addendum, [Filing No. 21], and Mr. Wehrmeyer's Reply, [Filing No. 26]. The Court addresses the other briefing submitted and its expectations going forward below.

5

that the challenged action 'may be fairly treated as that of the state itself.'" *Rodriguez*, 577 F.3d at 823 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Making the determination of "whether a private [person] has acted under the color of state law" has, for some time, been "'one of the more slippery and troublesome areas of civil rights litigation.'" *Id.* (quoting *Int'l Soc'y for Krishna Consciousness v. Air Canada*, 727 F.2d 253, 255 (2d Cir. 1984)). Though characterized in the past as a series of "tests" for assessing private action, *id.*, the Seventh Circuit has more recently identified what it has described as "four points" that courts should take "into account: whether the state funding ordered or encouraged the private action; whether the state contributed to the challenged action; whether the [private entity] was performing a 'public function'; and whether there was a 'symbiotic relationship' between the [private entity] and the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Rendell-Baker*, 457 U.S. at 840-43); *cf. Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 816 (7th Cir. 2009) ("Over time, Supreme Court and Seventh Circuit precedent have revealed that these cases do not so much enunciate a test or series of factors, but rather demonstrate examples of outcomes in a fact-based assessment."). "[E]ach determination of an entity's governmental actor status is fact- and case-specific," making resolution of this issue on the pleadings very difficult, if not impossible in the ordinary case. *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 740 (7th Cir. 2015). *But see L.P.*, 852 F.3d at 690 (affirming dismissal under Rule 12(b)(6) for lack of state action). The Seventh Circuit's collection of "numerous situations when private conduct takes on the color of law" demonstrates this point:

> Private action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights, *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); where the state compels the discriminatory action, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); when the state controls a nominally private entity, *Pa. v. Bd. of Dirs. of City Trusts*, 353 U.S. 230, 231 (1957); when it is entwined with its management or control, *Evans v.*

*Newton*, 382 U.S. 296, 299, 301 (1966); when the state delegates a public function to a private entity, *Terry v. Adams*, 345 U.S. 461, 484 (1953); *West v. Atkins*, 487 U.S. 42, 56-57 (1988); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 628 (1991), or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974).

*Hallinan*, 570 F.3d at 815-16.

Notwithstanding the fact-specific inquiry required under the state action doctrine, several cases have set forth rules which serve as guideposts in this case. First, Mr. Wehrmeyer relies heavily on the contract between Indiana and Kauffman Engineering. But the Supreme Court and the Seventh Circuit have explained that the "emphasis [must be] on the *function* performed by the [contractor] as opposed to the [contractor's] particular contractual relationship with the state." *Rodriguez*, 577 F.3d at 825 (citing *West v. Atkins*, 487 U.S. 42, 56-57 (1988)) (emphasis in original); *see Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) ("[O]ur cases are unequivocal in showing that the character of a legal entity is determined neither by its expressly private characterization in statutory law, nor by the failure of the law to acknowledge the entity's inseparability from recognized government officials or agencies."). The contract designating Kauffman Engineering as an "independent contractor" is not dispositive of the state action issue. *See Hallinan*, 570 F.3d at 815 ("[T]he conduct of private actors, in some cases, can constitute state action."). Nor may the Court take the contract's delineation of responsibilities between Kauffman and the Indiana Department of Corrections at face value in ruling on a motion to dismiss, which requires the Court to "draw all reasonable inferences" in Mr. El-Shabazz's favor. *Rodriguez*, 577 F.3d at 820. The fact that a document may be judicially noticeable does not mean that the Court may uncritically credit any assertions contained therein. *See In re Lisse*, 905 F.3d 495 (7th Cir. 2018) (Easterbrook, J., in chambers).

7

Second, carrying out a state-delegated task is enough on its own to constitute state action only where the state bears an "affirmative constitutional duty" to provide the delegated service, *Wade*, 83 F.3d at 906, or where "the function performed has been traditionally the exclusive prerogative of the State," *Rendell-Baker*, 457 U.S. at 842 (internal quotation and emphasis omitted). However, delegation of public functions outside of these narrow categories may nonetheless signify the type of public-private "entwinement" that constitutes state action. *Brentwood Acad.*, 531 U.S. at 303 (holding that non-profit athletic association that regulated school-sponsored sports was state actor). Mr. El-Shabazz's claim therefore does not necessarily fail just because it does not pertain to his medical treatment while incarcerated.

Finally, the Seventh Circuit in *Rodriguez* anticipated that, especially for incarcerated litigants, it would frequently be inappropriate to assess the relationship between public and private actors on the pleadings. 577 F.3d at 830. The Court's task will eventually be to analyze the evidence "to determine whether [Mr. Wehrmeyer's] actions fairly can be attributed to the state." *Id.* An incarcerated plaintiff cannot "be charged fairly with knowing" the ins-and-outs of how prison jobs are managed, including the role the public prison officials play in the process. *Id.* It more than suffices to say at this juncture that the allegations in Mr. El-Shabazz's Second Amended Complaint raise a reasonable inference that Mr. Wehrmeyer wielded the power of the state in electing not to hire Mr. El-Shabazz as a prison laborer. Discovery is required to develop a factual record on which to assess whether Mr. Wehrmeyer's conduct constitutes state action. *See id.* The Court therefore **DENIES** Mr. Wehrmeyer's Motion to Dismiss. [Filing No. 18.]

### III.
### MOTION FOR SUMMARY JUDGMENT

Mr. El-Shabazz has moved for summary judgment as to his claim against Mr. Gilmore. [Filing No. 34.] On summary judgment, the parties must "cit[e] to particular parts of materials in

the record" to demonstrate that there is no genuine issue of material fact, and the Court must evaluate the evidence submitted to assess whether a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(1)(A). First, discovery is required so that the parties may seek and exchange information from each other regarding their claims and defenses. Thus far, no discovery has taken place, so summary judgment would be premature. The Court therefore **DENIES** Mr. El-Shabazz's Motion for Summary Judgment **WITHOUT PREJUDICE** to refiling after the parties have engaged in discovery.

## IV.
### REMAINING MOTIONS

Also pending are assorted motions to amend or to strike various briefs addressing the substantive motions ruled on above. [Filing No. 31; Filing No. 32; Filing No. 43; Filing No. 45.] The Court **DENIES** each of these motions. The Court has only considered the briefs permitted by this Court's Local Rules.

Going forward, however, Mr. El-Shabazz must comply with the following limitations. The Local Rules permit just one brief in response to motions filed by the Defendants. S.D. Ind. L.R. 7-1(c)(3)(A) ("Any response is due within 14 days after service of the motion."); *id.* 56-1(b) ("A party opposing a summary judgment motion must, within 28 days after the movant serves the motion, file and serve a response brief and any evidence (that is not already in the record) that the party relies on to oppose the motion."). Only on summary judgment, if a "cites new evidence in the reply or objects to the admissibility of the evidence cited in the response," may Mr. El-Shabazz file a single surreply "within 7 days after the movant serves the reply" which "must be limited to the new evidence and objections." *Id.* 56-1(d). Outside of this one very limited circumstance, Mr. El-Shabazz is limited to just one brief in response to any motion. By the same token, Mr. El-

Shabazz may file just one reply to support any motion he files after the defendants have responded. *Id.* 7-1(c)(3)(B) ("Any reply is due within 7 days after service of the response.").

Finally, the Court will not entertain follow-on motions to correct any briefing. Mr. El-Shabazz must take care to ensure that any response or reply brief that he submits contains all evidence and every argument he wishes to raise. Surreplies, surrebuttals, or motions to amend or correct prior briefing will not be entertained. Should any party need additional time beyond the deadlines established in any court order or the Local Rules, the party may file a motion asking for an extension of the deadline.

## V.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Wehrmeyer's Motion to Dismiss [18], Mr. El-Shabazz's Motion for Summary Judgment [34], and each of the pending motions to amend or strike other briefing [31, 32, 43 & 45]. The Court **ORDERS** Mr. Wehrmeyer to answer Mr. El-Shabazz's Second Amended Complaint within **ten days** of the date of this Entry. A schedule to facilitate the development of this matter will issue by separate order.

Finally, the Court directs the Clerk to update the docket to reflect the correct spelling of Kevin Gilmore as shown in this Entry.

Date: 4/17/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

AKHENATON EL-SHABAZZ
DOC NO 885235
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Kayla Ernst
ICE MILLER LLP (Indianapolis)
kayla.ernst@icemiller.com

Elizabeth Marie Littlejohn
INDIANA ATTORNEY GENERAL
elizabeth.littlejohn@atg.in.gov

Derek R. Molter
ICE MILLER LLP (Indianapolis)
derek.molter@icemiller.com